UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                              Case No. 13-bk-02038-PMG

Glen Plantation, Ltd.,                              Chapter 11

      Debtor.
_____/

## MOTION TO APPROVE SALE OF REAL PROPERTY

COMES NOW the Debtor, Glen Plantation, Ltd. ("Glen") and requests an Order approving the sale of the Debtor's below-described real property free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363, in support thereof states as follows:

1. The Debtor has developed multiple vacant real estate lots for sale in Baker County, Florida. The Debtor desires to sell approximately (30) acres (includes wetlands) known as Lot 9 of Bear Creek in Baker County, Florida.

2. The parcel is free and clear of liens and encumbrances.

3. Debtor seeks to enter into a contract for the sale of the lot to the following buyer: Kenneth Hollingsworth (the "Buyer"). A copy of the contract is attached hereto as **Exhibit A** (the "Sales Contract").

4. The Buyer is not related to the Debtor, is disinterested, and the transaction is arms-length, proposed in good faith and for fair value. The Debtor requests that the Court approve the sale of the Property in accordance with the Sales Contract, and determine that the Buyer is a "good faith purchaser" subject to the protections of 11 U.S.C. § 363(m). The Debtor believes that the Buyer's offer represents the highest and best offer for the Property.

5. Pursuant to the terms of the Sales Contract, the Buyer has provided an earnest money deposit of $11,000.00, which has been received by and is escrowed with

Community Title, LLC acting as the escrow agent. The Sales Contract is subject to Court approval; the Sale Contract is not subject to higher and better offers.

6. A copy of the proposed HUD-1 settlement statement is attached hereto as **Exhibit B** (the "Settlement Statement"), and indicates all other expected closing costs to the Debtor's best ability to estimate at this time.

7. The Debtor expects to receive approximately $5,731.64 at closing from the sale after payment of all other expected costs of closing, with includes real estate taxes, and Glen Plantation hold a Note and balloon Mortgage in the amount of $129,000.00 in the form attached hereto as **Exhibit C**, (hereinafter referred to as "Balloon Mortgage").

8. The Debtor proposes to sell the Property free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §363(b) and (f).

9. The proceeds of the sale will be paid as indicated on the Settlement Statement.

10. The Property is to be sold "as is, where is" with no warranties of any kind express, implied or otherwise, free and clear of all liens, claims and encumbrances except the Balloon Mortgage.

11. Pursuant to the Sales Contract, if after the Buyer has conducted due diligence, they elect not to proceed with the sale, the Escrow Deposit will be returned to the Buyer and the sale will be cancelled. In this event the Debtor will promptly notify the Court.

12. At the closing of the sale of the Property, the Debtor may be required to sign documents to complete the transaction. Therefore, the Debtor requests authorization for its agent to sign any documents necessary to close the sale of the Property that are within its purview and authority as the Chapter 11 Debtor in Possession of the estate.

13. The Debtor requests that the Court waive the FRBP 6004(g) fourteen-day notice period after the entry of an order approving the sale.

WHEREFORE, the Debtor requests that this Court enter an Order:

(a) approving the Sale Contract and approving the sale of the Property to the Buyer pursuant to the Sales Contract, free and clear of all liens, claims, and encumbrances, except for the Balloon Mortgage as outlined above, with closing to occur 5 days from the date of entry of the Order;

(b) determining that the Buyer is a "good faith purchaser" subject to the protections of 11 U.S.C. § 363(m);

(c) authorizing the Debtor to sign any documents within its capacity as Debtor-in-Possession that are necessary to close the sale;

(d) authorizing the Debtor to pay all reasonable amounts needed to satisfy the terms of the Sale Contract prior to closing;

(e) authorizing the Debtor to pay out of the proceeds of the sale: all ordinary costs of closing, including intangible taxes, document stamps, title insurance premium for the title policy, recording fees for the release of liens, and any unpaid real estate taxes and tax proration, as indicated in the Sale Contract or on the Settlement Statement;

(f) waiving the FRBP 6004(g) fourteen-day notice period after the entry of an order approving the sale;

(g) limiting the service of any order approving or denying this Motion to the Debtor, counsel for the Debtor, the Buyer, any objecting party, and the Office of the U.S. Trustee; and

(h) authorizing the Debtor to enter into the Balloon Mortgage agreement with the Buyer;

(i) award such other and further relief that this Court deems just and proper.

Dated this 25th day of April, 2014.

CHILDERSLAW
2135 NW 40th Terrace, Suite B
Gainesville, Florida 32601
tel 866-996-6104  fax 407-209-3870
net jchilders@smartbizlaw.com

/s/Seldon J. Childers
Seldon J. Childers
Florida Bar No. 61112

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished this 25th day of April, 2014 to all persons receiving notice of this case on this Court's CMECF electronic notice system, and via U.S. Mail to all parties on all parties listed on the current Matrix attached hereto that do not otherwise receive electronic notice.

/s/ Seldon J. Childers, Esq.
Florida Bar No. 61112

# GLEN PLANTATION



## PURCHASE AND SALE AGREEMENT

PARTIES: Kenneth Hollingsworth _____ (BUYER), whose address is 1482? CR 125 North Glen Stmary Fl 32040 S.S.#/T.I.N.# 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 _____, PHONE # 904-259-7128 and GLEN PLANTATION, LTD., a Florida limited partnership (SELLER), of _____, hereby agree that SELLER will sell and BUYER will buy the following property, upon the following terms and conditions if completed or marked.

The property is in **Baker County, Florida**, and is legally described as follows (if lengthy, attach legal description):

LOT 9, BEAR CREEK, PLAT BOOK ___, PAGE ___, PUBLIC RECORDS OF BAKER COUNTY, FLORIDA

(the "Property").

It is understood that the Property will be conveyed by GENERAL WARRANTY DEED (unless otherwise required) subject to current taxes, existing zoning, covenants, restrictions, and easements of record.

1. **TOTAL PURCHASE PRICE** to be paid by BUYER is payable as follows:

(A) Binder deposit, which will remain a binder until closing, unless sooner forfeited or returned, according to the provisions of this Agreement   $  11,000.00
(B) Additional binder deposit due within _____ days after date of acceptance of this Agreement   $ _____
(C) Balance due at closing (not including BUYER's closing costs, prepaid items or prorations) in U.S. cash or LOCALLY DRAWN certified or cashiers' check
approximately _____ exactly _____   $ _____
(D) Proceeds of new note and mortgage to be executed by BUYER to any lender other than SELLER   $ _____
(E) Purchase money mortgage and note to SELLER on terms set forth in paragraph 2(B)   $  129,000.00
(F) Other financing   $ _____
(G) Existing mortgage balance encumbering the Property to be assumed by BUYER
Mortgagee _____ Loan # _____ Int. Rate ___ P&I _____   $ _____
(approximately)
(H) TOTAL PURCHASE PRICE approximately _____ exactly ___X___   $  140,000.00

2. **FINANCING:**

(A) ☐ APPLICATION: The application for the mortgage as described in paragraph 1(D) will be made with a lender selected by BUYER. Unless such mortgage loan is approved without contingencies other than those elsewhere covered in this Agreement within thirty (30) days of the date of acceptance of this Agreement, SELLER or BUYER shall have the right to terminate this Agreement, and BUYER will return to SELLER all of the title evidence and surveys received from SELLER and BUYER's copy of the Agreement. BUYER shall make application for financing within five (5) days of the date of acceptance of this Agreement and timely furnish any and all credit, employment, financial, and other information required by the lender. In the event the original loan application is denied, BUYER, if requested by SELLER, will reapply within five (5) days of such request at an alternate institutional lender selected by SELLER.

☐ FHA. It is expressly agreed that, notwithstanding any other provisions of the Agreement, the BUYER shall not be obligated to complete the purchase of the Property or to incur any penalty by forfeiture of earnest money deposit or otherwise unless the SELLER has delivered to the BUYER a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the Property (excluding closing cost) of not less than $_____, which statement the SELLER hereby agrees to deliver to the BUYER promptly after such appraised value statement is made available to the SELLER. The BUYER shall, however, have the privilege and option of proceeding with the consummation of the Agreement without regard to the amount of the appraised valuation made by the Federal Housing Commissioner. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development (HUD) will insure. HUD does not warrant the value or the condition of the Property. The BUYER should satisfy himself that the price and condition of the Property are acceptable.

☐ VA. It is expressly agreed that, notwithstanding any other provisions of this Agreement, the BUYER shall not incur any penalty by forfeiture of earnest money or otherwise be obligated to complete the purchase of the Property, if the Agreement purchase price or cost exceed the reasonable value of the Property established by the Veterans Administration. The BUYER shall, however, have the privilege and option of proceeding with the consummation of the Agreement without regard to the amount of reasonable value established by the VA.

(B) ☒ SELLER: The balance due to SELLER shall be evidenced by a negotiable promissory note of BUYER, secured by a valid purchase money FIRST mortgage on the Property and delivered by BUYER to SELLER dated the date of closing, bearing interest at the rate of SIX (6)% per annum and payable $838.22 per MONTH. PRIVILEGE OF PREPAYMENT does apply. The mortgage will be ☒ due on sale ☐ not due on sale of the Property. Within ten (10) days after the date of acceptance of this Agreement, BUYER will furnish all credit, employment, and financial information required by SELLER. SELLER shall within ten (10) days after receipt of the information, deliver a written decision to BUYER as to whether or not SELLER will make the mortgage loan.

Page 1 of 3

**EXHIBIT A**

K.H.

3. **BUYER WILL PAY:**

(A) CLOSING COSTS: Recording fees, note stamps, intangible tax, credit report, mortgage origination fee, mortgage insurance premium, BUYER's attorney fees, appraisal fee, survey, all other charges required by lender (unless prohibited by law or regulation, in which event they shall be paid by SELLER), lender's title insurance policy (including search and examination fees), title endorsements required by lender, and closing agent fees.

(B) PREPAIDS: Prepaid hazard insurance, taxes, interest, and mortgage insurance premiums required by the lender will be paid by BUYER.

4. **SELLER WILL PAY: CLOSING COSTS:** Stamps on deed, real estate brokerage fee, satisfaction of mortgage and recording fee, and charges required by lender that BUYER is prohibited from paying by law or regulation.

5. **PRORATIONS:** All taxes, rentals, condominium or association fees, prepaid hazard insurance premiums (if assumed), monthly mortgage insurance premiums, and interest on assumed mortgages shall be prorated as of the date of closing. If part of the purchase price is to be evidenced by the assumption of a mortgage requiring deposit of funds in escrow for payment of taxes, insurance or other charges, BUYER agrees to reimburse SELLER for the escrowed funds assigned to BUYER at closing.

6. **TITLE EVIDENCE AND TIME FOR CLOSING:** The SELLER is not obligated to furnish or required to pay for an owners title insurance policy. In the event the BUYER would like to procure an owners title insurance policy, such policy will be an expense of the BUYER. This transaction shall be closed and the deed and other closing papers delivered on or before ☐ _____ ☐ _____ days after date of acceptance ☐ _____ days after date of satisfaction of all conditions in paragraph 11, unless extended by other conditions of this contract.

7. **SURVEY:** Prior to closing, the BUYER may obtain, at BUYER'S expense, a survey of the Property.

8. **PRESENT AS IS CONDITION:** SELLER agrees to deliver the Property in its PRESENT AS IS CONDITION except as otherwise specified. SELLER does hereby certify and represent that he has legal authority and capacity to convey the Property with all improvements. SELLER further certifies and represents that he knows of no latent defects to the Property and knows of no facts materially affecting the value of the Property.

BUYER agrees that he has inspected the Property and has not relied upon any representations made by any real estate agent in describing the Property, and BUYER agrees to accept the Property in its PRESENT AS IS CONDITION, except as herein otherwise specified.

9. **DEFAULT AND ATTORNEY FEES:** If BUYER fails to perform this contract within the time specified (including payment of all deposits hereunder), the deposit(s) paid by BUYER shall be retained by or for the account of the SELLER as agreed-upon liquidated damages, consideration of the execution of this contract, and in full settlement of any claim; (pursuant to provisions of the listing agreement on the Property) whereupon BUYER and SELLER shall be relieved of all obligations under this contract. If, for any reason, other than the SELLER's failure to make SELLER's title marketable after diligent effort, SELLER fails, neglects, or refuses to perform this contract, the BUYER may seek specific performance or elect to receive the return of the BUYER's deposit(s) without thereby waiving any action of damages resulting from SELLER's breach. In connection with any litigation arising out of this Agreement, the prevailing party shall be entitled to recover all costs incurred, including a reasonable attorney fee.

10. **TIME OF ACCEPTANCE:** This offer of BUYER shall terminate if SELLER has not indicated his acceptance of the Agreement by signing and delivering same or telegraphing acceptance to BUYER or submitting agent before _____:01 ☐ a.m. ☐ p.m., date _____.

11. **ADDITIONAL TERMS, CONDITIONS, OR ADDENDA [lettered (A), (B), (C), (D), etc.]:**

(A) BUYER SHALL RECEIVE A $30,000.00 PRINCIPAL REDUCTION IF THE LOAN IS PAID IN FULL WITHIN ~~ONE~~ Three YEAR OF CLOSING.   12/31/13 L.H.   3 C.C.
(B) SELLER FINANCING SHALL BALLOON IN ~~TWO~~ YEARS.   1-4-13   12/31/13
(C) _____ K.V.
(D) _____
    1-4-13

12. **ESCROW:** Any escrow agent ("Agent") receiving funds or equivalent is authorized and agrees by acceptance of them to deposit them promptly, hold same in escrow and, subject to clearance, disburse them in accordance with the terms and conditions of this Agreement. At SELLER's option, failure of clearance of funds shall be considered a default. If in doubt as the Agent's duties or liabilities under the provision of this Agreement, Agent may, at Agent's option, continue to hold the subject matter of the escrow until the parties mutually agree to its disbursement or until a judgment of a court of competent jurisdiction shall determine the right of the parties, or Agent may deposit said escrowed funds with the clerk of the circuit court having jurisdiction of the dispute. Upon notifying all parties concerned of such option, all liability of Agent shall fully terminate, except to the extent of accounting for any items previously delivered out of escrow. Any suit between BUYER and SELLER where Agent is made a party because of acting as Agent hereunder or in any suit wherein Agent interpleads the subject matter of the escrow, Agent shall recover reasonable attorney fees and costs incurred, with the fees and costs to be charged and assessed as court costs in favor of the prevailing party. Parties agree that Agent shall not be liable to any party or person for misdelivery to BUYER or SELLER of items subject to this escrow, unless such misdelivery is due to willful breach of Agreement or gross negligence of Agent.

13. **DISCLOSURE SUMMARY NOTICE:** BUYER ACKNOWLEDGES THAT SELLER HAS PREVIOUSLY PROVIDED BUYER WITH A DISCLOSURE SUMMARY AS REQUIRED BY FLORIDA STATUTES 720.401. BUYER SHOULD NOT EXECUTE THIS AGREEMENT UNTIL IT HAS RECEIVED AND READ THE DISCLOSURE SUMMARY REQUIRED BY FLORIDA STATUTES 720.401. IF THE DISCLOSURE SUMMARY REQUIRED BY SECTION 720.401, FLORIDA STATUTES, HAS NOT BEEN PROVIDED TO THE PROSPECTIVE PURCHASER BEFORE EXECUTING THIS CONTRACT FOR SALE, HIS CONTRACT IS VOIDABLE BY BUYER

C.H.

BY DELIVERING TO SELLER OR SELLER'S AGENT WRITTEN NOTICE OF THE BUYER'S INTENTION TO CANCEL WITHIN 3 DAYS AFTER RECEIPT OF THE DISCLOSURE SUMMARY OR PRIOR TO CLOSING, WHICHEVER OCCURS FIRST. ANY PURPORTED WAIVER OF THIS VOIDABILITY RIGHT HAS NO EFFECT. BUYER'S RIGHT TO VOID THIS CONTRACT SHALL TERMINATE AT CLOSING.

14. **PROPERTY TAX DISCLOSURE:** PURCHASER SHOULD NOT RELY ON THE SELLER'S CURRENT PROPERTY TAXES AS THE AMOUNT OF PROPERTY TAXES THAT THE PURCHASER MAY BE OBLIGATED TO PAY IN THE YEAR SUBSEQUENT TO PURCHASE. A CHANGE OF OWNERSHIP OR PROPERTY IMPROVEMENTS TRIGGERS REASSESSMENTS OF THE PROPERTY THAT COULD RESULT IN HIGHER PROPERTY TAXES. IF YOU HAVE ANY QUESTIONS CONCERNING VALUATION, CONTACT THE COUNTY PROPERTY APPRAISER'S OFFICE FOR INFORMATION.

15. **MISCELLANEOUS:** There are no other agreements, promises, or understandings between these parties except as specifically set forth herein. No alterations or changes shall be made to the Agreement except in writing and signed or initialed by the parties herein. This legal and binding Agreement shall be construed under Florida law, shall not be recorded, and if not understood, parties should seek competent legal advice. This contract is not assignable by BUYER without the consent of SELLER. In any conflict of terms or conditions, that which is added shall supersede that which is printed or marked.

IN WITNESS WHEREOF, each of the parties hereto set their hand and seal on this PURCHASE AND SALE AGREEMENT as of the day and year set forth immediately beneath their respective signatures.

Signed, sealed, and delivered
in our presence as witnesses:

BUYER:

Print Name:_____

Print Name:_____
Date: 12/31/13

Print Name:_____

Print Name:_____
Date:_____

Signed, sealed, and delivered
in our presence as witnesses:

SELLER:

GLEN PLANTATION, LTD., a Florida limited partnership

Print Name:_____

By: GLEN PLANTATION, INC., a Florida corporation
Its: General Partner

Print Name:_____

By:_____
TODD KNABB
Its:_____
Date: 12/31/13

Agent by the signature below acknowledges receipt of $_____ ☐ cash ☐ check, as binder deposit, which is the amount mentioned in paragraph 1(A) of this Agreement. It will be deposited and held in escrow pending disbursement according to terms hereof, together with all additional binder deposits escrowed by terms of this Agreement.

Company | By | Title

# ADDENDUM TO PURCHASE AND SALE AGREEMENT

Dated:            FEBRUARY 4, 2014

Buyer:            KENNETH HOLLINGSWORTH

Seller:           GLEN PLANTATION, LTD.

Property Address:    LOT 9, BEAR CREEK

This addendum is part of that certain Purchase and Sale Agreement between Buyer and Seller for the purchase and sale of the above referenced property (the "Agreement"). With respect to any inconsistency between the Agreement or any other addendum and this Addendum, the terms and conditions of this Addendum shall control. In addition to the terms, conditions and covenants contained in the Agreement, Buyer and Seller further agree as follows:

1. 11(A): BUYER SHALL RECEIVE A $30,000.00 PRINCIPAL REDUCTION IF THE LOAN IS PAID IN FULL WITHIN THREE (3) YEARS.

2. 11(B): SELLER FINANCING SHALL BALLOON IN FIVE (5) YEARS.

_____         _____
(Seller)                          (Buyer)

_____3/10/14_____         _____3-10-14_____
Date                              Date

| HUD-1 | | U.S. Department of Housing and Urban Development | | OMB No. 2502-0265 |
|---|---|---|---|---|

**A. Settlement Statement**

**B. Type of Loan**

| ○ 1 FHA | ○ 2. FmHA | ○ 3. Conv. Unins | 6. File Number | 7. Loan Number | 8. Mortg. Ins. Case Num. |
|---|---|---|---|---|---|
| ○ 4 VA | ○ 5 Conv. Ins. | | CT-14-1051 | ID: | |

**C. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p o c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. NAME OF BORROWER: | Kenneth Hollingsworth | |
|---|---|---|
| Address of Borrower: | | |
| E. NAME OF SELLER: | Glen Plantation, Ltd., a Florida limited partnership | |
| Address of Seller: | 11635 NW 1st Avenue, Gainesville, Florida 32607 | TIN: |
| F. NAME OF LENDER: | Glen Plantation, Ltd | |
| Address of Lender: | 7436 Woodlawn Rd, Macclenny, Florida 32063 | |
| G. PROPERTY LOCATION: | CR 125 N Glen, Glen Saint Mary, Florida 32040 | |
| H. SETTLEMENT AGENT: | Community Title, LLC | TIN: 20-3264349 |
| Place of Settlement: | 175 NW 138th Ter., Ste. 100, Jonesville, Florida 32669 | Phone: 352-331-0817 |
| I. SETTLEMENT DATE: | 7/4/14   DISBURSEMENT DATE: 7/4/14 | |

| J. Summary of borrower's transaction | | K. Summary of seller's transaction | |
|---|---|---|---|
| 100. Gross amount due from borrower: | | 400. Gross amount due to seller: | |
| 101. Contract sales price | 140,000.00 | 401. Contract sales price | 140,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (Line 1400) | 1,899.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance: | | Adjustments for items paid by seller in advance: | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross amount due from borrower:** | 141,899.00 | **420. Gross amount due to seller:** | 140,000.00 |
| 200. Amounts paid by or in behalf of borrower: | | 500. Reductions in amount due to seller: | |
| 201. Deposit or earnest money | 11,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 4,580.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Principal amount of second mortgage | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. Deposits held by seller | |
| 207. Principal amt of mortgage held by seller | 129,000.00 | 507. Principal amt of mortgage held by seller | 129,000.00 |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller: | | Adjustments for items unpaid by seller: | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes from 01/01/14 to 07/04/14 | 688.36 | 511. County taxes from 01/01/14 to 07/04/14 | 688.36 |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total paid by/for borrower:** | 140,688.36 | **520. Total reductions in amount due seller:** | 134,268.36 |
| 300. Cash at settlement from/to borrower: | | 600. Cash at settlement to/from seller: | |
| 301. Gross amount due from borrower (line 120) | 141,899.00 | 601. Gross amount due to seller (line 420) | 140,000.00 |
| 302. Less amount paid by/for the borrower (line 220) | (140,688.36) | 602. Less total reductions in amount due seller (line 520) | (134,268.36) |
| 303. Cash ( ☑ From ☐ To ) Borrower: | 1,210.64 | 603. Cash ( ☑ To ☐ From ) Seller: | 5,731.64 |

**Substitute Form 1099 Seller Statement:** The information contained in blocks E, G, H, and I and on line 401 is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

**Seller Instructions:** If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your tax return; for other transactions, complete the applicable parts of Form 4797, Form 6262 and/or Schedule D (Form 1040).



EXHIBIT B

| L. Settlement charges | | | | | Paid from Borrower's Funds at Settlement | Paid from Seller's Funds at Settlement |
|---|---|---|---|---|---|---|
| 700. Total Sales/Brokers Com. based on price | $140,000.00 @ | | % = | Borrower POC Seller POC | | |
| 701. | % to | | | | | |
| 702. | % to | | | | | |
| 703. Commission paid at settlement | | | | | | |
| 704. | to | | | | | |
| **800. Items payable in connection with loan** | | | | Borrower POC Seller POC | | |
| 801. Loan origination fee | % to | | | | | |
| 802. Loan discount | % to | | | | | |
| 803. Appraisal fee | to | | | | | |
| 804. Credit report | to | | | | | |
| 805. Lender's inspection fee | to | | | | | |
| 806. Mortgage insurance application fee | to | | | | | |
| 807. Assumption Fee | to | | | | | |
| 808. | to | | | | | |
| 809. | to | | | | | |
| 810. | to | | | | | |
| 811. | to | | | | | |
| **900. Items required by lender to be paid in advance** | | | | Borrower POC Seller POC | | |
| 901. Interest from | to | @ | /day | | | |
| 902. Mortgage insurance premium for | months to | | | | | |
| 903. Hazard insurance premium for | years to | | | | | |
| 904. Flood insurance premium for | years to | | | | | |
| 905. | years to | | | | | |
| **1000. Reserves deposited with lender** | | | | Borrower POC Seller POC | | |
| 1001. Hazard insurance | | months @ | per month | | | |
| 1002. Mortgage insurance | | months @ | per month | | | |
| 1003. City property taxes | | months @ | per month | | | |
| 1004. County property taxes | | months @ | per month | | | |
| 1005. Annual assessments | | months @ | per month | | | |
| 1006. Flood insurance | | months @ | per month | | | |
| 1007. | | months @ | per month | | | |
| 1008. | | months @ | per month | | | |
| 1009. Aggregate accounting adjustment | | | | | | |
| **1100. Title charges** | | | | Borrower POC Seller POC | | |
| 1101. Settlement or closing fee | to Community Title, LLC | | | | 260.00 | |
| 1102. Abstract or title search | to Community Title, LLC | | | | 75.00 | |
| 1103. Title examination | to | | | | | |
| 1104. Title insurance binder | to | | | | | |
| 1105. Document preparation | to | | | | | |
| 1106. Notary fees | to | | | | | |
| 1107. Attorney's Fees | to | | | | | |
| (includes above item numbers: | | | | ) | | |
| 1108. Title Insurance | to Fidelity National Title Insurance Company/Community Title | | | | 775.00 | |
| (includes above item numbers: | | | | ) | | |
| 1109. Lender's coverage (Premium): | | | | | | |
| 1110. Owner's coverage (Premium): | $140,000.00 ($775.00) | | | | | |
| 1111. Endorse | | | | | | |
| 1112. | to | | | | | |
| 1113. | to | | | | | |
| **1200. Government recording and transfer charges** | | | | | | |
| 1201. Recording fees | Deed | $27.00 Mortgage(s) | $52.50 Releases | | 79.50 | |
| 1202. City/county tax/stamps | Deed | Mortgage(s) | $258.00 | | 258.00 | |
| 1203. State tax/stamps | Deed | $980.00 Mortgage(s) | $451.50 | | 451.50 | 980.00 |
| 1204. | | to | | | | |
| 1205. | | to | | | | |
| **1300. Additional settlement charges** | | | | Borrower POC Seller POC | | |
| 1301. Survey | to | | | | | |
| 1302. Pest Inspection | to | | | | | |
| 1303. 2012/ 2013 #10-2S-21-0222-0000-0090 | to Baker County Tax Collector | | | | | 3,600.00 |
| 1304. | to | | | | | |
| 1305. | to | | | | | |
| 1306. | to | | | | | |
| 1307. | to | | | | | |
| 1308. | to | | | | | |
| 1309. | | | | | | |
| **1400. Total settlement charges** | | | | | | |
| (Enter on lines 103, Section J and 502, Section K) | | | | | 1,899.00 | 4,580.00 |

DoubleTime®

# HUD-1 SETTLEMENT STATEMENT ADDENDUM

File Number:    CT-14-1051

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

## Borrower(s)

Kenneth Hollingsworth

## Seller(s)

```
Glen Plantation, Ltd.
 a Florida limited partnership

By:  GLEN PLANTATION, LTD.
     a Florida limited partnership
     as Sole General Partner

    By: _____
        JOHN M. CURTIS
        President

    (Corporate Seal)
```

## Settlement Agent

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Community Title, LLC

By: _____    Date: _____

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

DoubleTime®

# PROMISSORY NOTE

$129,000.00                                                                                    July 4, 2014
                                                                                  Glen Saint Mary, Baker County, Florida


**FOR VALUE RECEIVED**, the undersigned promise to pay to the order of **Glen Plantation, Ltd., a Florida limited partnership at 11635 NW 1st Avenue, Gainesville, FL 32607** or at such other address as may be indicated in writing, in the manner hereinafter specified, the principal sum of **One Hundred Twenty-Nine Thousand and 00/100 Dollars ($129,000.00)** with interest from the date hereof, at the rate of **Six** percent ( **6** %) per annum on the balance from time to time remaining unpaid. The said principal and interest shall be payable in lawful money of the United States of America, on the date and in the following manner:

> The sum of **$838.22** representing a payment of principal and interest shall be due and payable on August **4th**, 2014, and on the **4th** day of each month thereafter until **July 4th 2039**, at which time the remaining principal balance, together with any accrued but unpaid interest, shall be due.

> All payments shall be first applied to late charges, if any, then to the payment of accrued interest, and the balance remaining, if any, shall be applied to the payment of the principal sum.

> This note may be prepaid, in whole or in part, without penalty, at any time prior to maturity.


This note with interest is secured by a purchase money mortgage, of even date herewith, the terms of which are incorporated herein by reference, made by the makers hereof in favor of the said payee, is given as part of the purchase price of the real property described in the mortgage, and shall be construed and enforced according to the laws of the State of Florida.

If default be made in the payment of any installment under this note, and if such default is not made good within 15 days, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at a later time for the same default or for any subsequent default. Any payment not received within 10 days of the due date shall include a late charge of 5% of the payment due. In the event of default in the payment of this note, and if the same is placed in the hands of any attorney for collection, the undersigned hereby agree to pay all costs of collection, including a reasonable attorneys' fee.

Makers waive demand, presentment for payment, protest, and notice of nonpayment and dishonor.


_____(Seal)
Kenneth Hollingsworth -Borrower



The state documentary tax due on this Note has been paid on the Mortgage securing this indebtedness.


EXHIBIT C

Prepared by and return to:
LIZETE RAIFORD

Community Title, LLC
175 NW 138th Ter., Ste. 100
Jonesville, FL 32669 14823 CR 125
352-331-0817
File Number: CT-14-1051

_____[Space Above This Line For Recording Data]_____

# MORTGAGE

**This Indenture**, Made this **July 4, 2014** by and between **Kenneth Hollingsworth** whose address is , hereinafter called the Mortgagor, and **Glen Plantation, Ltd., a Florida limited partnership** whose address is **11635 NW 1st Avenue, Gainesville, FL 32607**, hereinafter called the Mortgagee:

> The terms "Mortgagor" and "Mortgagee" shall include heirs, personal representatives, successors, legal representatives and assigns, and shall denote the singular and/or the plural, and the masculine and/or the feminine and natural and/or artificial persons, whenever and wherever the context so admits or requires.

**Witnesseth**, that the said Mortgagor, for and in consideration of the aggregate sum named in the promissory note, a copy of which is attached hereto and made a part hereof, the receipt of which is hereby acknowledged, does grant, bargain and sell to the said Mortgagee, his successors and assigns, in fee simple, the following described land, situate, lying and being in **Baker County, Florida**, to-wit:

> Lot 9, BEAR CREEK, according to the map or plat thereof, as recorded in Plat Book 4, Page(s) 2, of the Public Records of Baker County, Florida.

And the said Mortgagor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

**Provided always**, that if said Mortgagor, his successors or assigns, shall pay unto the said Mortgagee, his successors or assigns, that certain promissory note, of which a true and correct copy is attached, and Mortgagor shall perform, comply with and abide by each and every stipulation, agreement, condition and covenant of said promissory note and of this mortgage, and shall duly pay all taxes, all insurance premiums reasonably required, all costs and expenses including reasonable attorneys fees that Mortgagee may incur in collecting money secured by this mortgage, and also in enforcing this mortgage by suit or otherwise, then this mortgage and the estate hereby created shall cease and be null and void.

Mortgagor hereby covenants and agrees:

1. To pay the principal and interest and other sums of money payable by virtue of said promissory note and this mortgage, or either, promptly on the days respectively the same severally come due.

2. To keep the buildings now or hereafter on the land insured for fire and extended coverage in a sum at least equal to the amount owed on the above described promissory note, and name the Mortgagee as loss payees, and to furnish Mortgagee with a copy of all current policies. If Mortgagor does not provide Mortgagee with copies of the policies showing Mortgagee as loss payees after 14 days written demand by Mortgagee, then Mortgagee may purchase such insurance and shall add any payments made for such policy to the principal balance owed on the mortgage, and such payments shall accrue interest at the maximum rate of interest allowed by law. In the event any sum of money becomes payable under such policy, Mortgagee, his legal representatives or assigns, shall have the option to receive and apply the same on

Initials: _____  _____

DoubleTime®

account of the indebtedness hereby secured or to permit Mortgagor to receive and use it or any part thereof for repair or replacement, without hereby waiving or impairing any equity, lien or right under or by virtue of this mortgage. In the event of loss Mortgagor shall give immediate notice to Mortgagee.

3. To permit, commit or suffer no waste, impairment or deterioration of the property, or any part thereof.

4. To permit no other lien or mortgage to be placed ahead of this mortgage.

5. Mortgagor shall provide proof of payment of annual real estate taxes by March 15, for the preceding years taxes. In the event that Mortgagor does not pay the taxes by such date, the Mortgagee may pay the taxes and the full amount of such payment by Mortgagee shall be added to the principal balance owed on the mortgage, and shall accrue interest at the maximum rate allowed by law.

6. The Mortgagee may, at any time pending a suit upon this mortgage, apply to the court having jurisdiction thereof for the appointment of a receiver, and such court shall forthwith appoint a receiver, and such receiver shall have all the broad and effective functions and powers in anywise entrusted by a court to a receiver, and such appointment shall be made by such court as an admitted equity and a matter of absolute right to said Mortgagee. The rents, profits, income, issues, and revenues shall be applied by such receiver according to the lien of this mortgage.

7. If any of the sums of money due and owing to Mortgagee under the terms of the promissory note and this mortgage, including but not limited to any advance made by Mortgagee for the payment of insurance or taxes, are not paid within 15 days after the same become due and payable, or if each of the stipulations, agreements, conditions and covenants of the promissory note and this mortgage, or either, are not fully performed or complied with the aggregate sum owed on the promissory note shall become due and payable forthwith or thereafter at the option of Mortgagee, his successors, legal representatives, or assigns.

This mortgage and the note hereby secured shall be construed and enforced according to the laws of the State of Florida.

The principal sum secured hereby, along with any interest to be paid in accordance with the terms of the note secured hereby, shall immediately become due and payable without notice, if a transfer of title to the premises by sale or otherwise is made without the Mortgagee's written consent, while this mortgage remains a lien thereon, at the option of Mortgagee, his successors, legal representatives, or assigns.

Executed at **Baker County, Florida** on the date written above.

Signed, sealed and delivered in the presence of:

_____  _____(Seal)
Witness Name: _____  Kenneth Hollingsworth

_____
Witness Name: _____